ERASTUS B. SEYMOUR and WILLIAM WELLS, Respondents, *v.* ROBERT MONTGOMERY, Appellant.

A contract to build the hull of a vessel being wholly executory in its character, passes no title to, or interest in, the vessel, as against parties having no notice of such contract.

APPEAL by defendant from judgment of the Superior Court of Buffalo in favor of plaintiffs.

In the month of February, 1857, four parties, Bidwell, Banta & Co., Sidney Shepard, William Dickson and Robert Montgomery, the defendant, entered into a contract to build a propeller, the total cost of which was to be $45,500, and each party was to own one-quarter.

Bidwell, Banta & Co. were ship-builders, having a ship-yard, and were to furnish materials and build the hull ready for the painters' brush for $25,000.

Sidney Shepard was engine builder, and was to furnish the engine and boilers at a stipulated price, which was more than the value of one-quarter of the propeller (the value of one-quarter being $11,375).

William Dickson and the defendant were each respectively to pay in cash to Bidwell, Banta & Co., $6,812.50, being one-half the balance due to B., B. & Co. of the sum of $25,000, after deducting the value of their one-quarter, $11,375, and were also to pay each one-half the balance due to Shepard for the engine and boilers, after deducting the value of his one-quarter, and were also to pay each one-half of the cost of finishing and outfit.

The defendant and said Dickson were each respectively to have the privilege of buying the said quarter of B., B. & Co., and the quarter of said Shepard, or both, whenever either of them should respectively elect so to do.

On the 25th day of February, 1857, *before the vessel was commenced,* said Dickson elected to purchase the quarter interest of B., B. & Co., and then and there paid them $8,000 to apply first in payment of said $6,812.50, and the balance on the purchase price of their quarter, being the sum of $1,187.50, but there is no evidence that Montgomery was in anywise informed of this purchase.

B., B. & Co. afterward proceeded and constructed the vessel in their own yard and from their own materials, and in the latter part of August, or early in September, 1857, when she was ready to launch, the said firm *sold and conveyed the said one-quarter to the defendant,* for $11,375.50, which the defendant paid except $996.31, which balance the said B., B. & Co. assigned to the plaintiffs, and for which this action was brought. The defense interposed by the defendant to the action was that he did not by this purchase procure the entire title to the one-quarter interest thus purchased, but that William Dickson was the owner thereof to the extent of $1,175, and upward.

The referee decided that the plaintiff was entitled to judgment for said balance, to which decision the defendant's counsel excepted, and his judgment having been affirmed at General Term the defendant appealed therefrom to this court. The case was submitted on printed points.

*M. A. Whitney,* for the plaintiffs, respondents.

*James Sheldon,* for the defendant, appellant.

HOGEBOOM, J. The plaintiffs made at least a *prima facie* title to the undivided interest of Bidwell, Banta & Co., in the propeller, or the price thereof, by showing a sale and conveyance of such undivided interest by the latter to the defendant, and an assignment to the plaintiff of the unpaid portion of the price.

The defendant, who undeniably owed this debt, undertook to defend the action by showing a prior executory contract for the sale of such undivided interest to William Dickson, and the payment of a part of the price thereof by Dickson to Bidwell, Banta & Co. The answer to this is, that this contract and payment being before the propeller was commenced to be built was wholly executory in its character and passed no title to or interest in the vessel to Dickson as against the defendant who had no notice of this contract. (*Andrews* v. *Durant,* 11 N. Y., 35.)

That such is the general rule is undeniable, at least since the last cited case, but it is attempted to be taken out of the operation of this rule, by the fact, that Bidwell, Banta & Co., Dickson and Montgomery were, with one Shepard, joint proprietors of the vessel, and in fact jointly concerned in the construction thereof at their joint expense, that under the arrangement between them for such construction Dickson and Montgomery were entitled to purchase of the other parties their interest therein, and that by reason of this arrangement the parties were in effect partners, and each bound to take notice of the interest of the others therein, and its extent both legal and equitable.

But I think they were not partners, but only part owners of the propeller, the agreement was that each should contribute the sum necessary to pay for one-quarter thereof, and each should be one-quarter owner, they contributed this or were to do so in separate sums, and were, I think, to have a several though an undivided interest in the vessel. It is doubtful indeed whether any but Bidwell, Banta & Co., who were the builders of the hull, and in possession thereof, and interested to the largest amount in value in the vessel were the legal owners thereof, until a conveyance thereof by them, although the equitable interests of the other parties would doubtless be preserved as to all parties who dealt with Banta & Co., with knowledge of such equitable interest. Of the right of Dickson to purchase of Bidwell, Banta & Co., Montgomery was of course apprised by the contract, he had the same right himself, but of the exercise of that right he was

wholly unapprised, and in regard to it, I think was not bound to inquire, unless some circumstances beyond the mere terms of the contract were brought to his notice to put, him on inquiry. None such existed, and I think the consequence was, that, however inequitable it was for Bidwell, Banta & Co., with a part of the price of their interest in the vessel in their pockets, paid to them by Dickson, to sell to another person, yet if such sale and conveyance to Montgomery were in fact made, it vested in the latter a title to the property, and obliged him to pay the price, unless Dickson was in some way made a party to the suit, or intervened in his own behalf. The price is nevertheless due from Montgomery, and collectible by Bidwell, Banta & Co., or their assignees. And it must be determined by some future litigation whether the plaintiffs after collecting it are to respond to Dickson for it in whole or in part. Under the present state of the proof, and as between the present parties litigant, I think the judgment of the court below was right, and should be affirmed.

DENIO, Ch. J. The plaintiffs, it is true, can claim no greater rights than that which Bidwell, Banta & Co. could have claimed. The question is, whether, under the facts found, the defendant can claim to have deducted from the purchase price of the one-quarter interest purchased by him, the amount which Dickson had paid on account of his inchoate purchase of the same quarter interest. There is no privity between him and Dickson, which would enable the defendant to avail himself of that payment, by way of set-off, or recoupment. If he can have the benefit of it in any way, it must be on the ground of a partial failure of law in Bidwell, Banta & Co. If it could be said that these parties did not own the whole quarter, but that Dickson owned a part of it, to the extent of his payment, then there would appear to be such partial failure of title. But there are not sufficient facts found to show that any interest passed to Dickson. It is not shown why he did not complete his purchase. If it was on account of his failure to complete the payment, no

interest in the subject passed to him.   So if, without fault on his part, Bidwell, Banta & Co. refused to complete the sale to him, or put it out of their power to do so, by disposing of the quarter to the defendant, still no interest passed to Dickson.   Bidwell, Banta & Co. became liable to repay him the money he had advanced on account of the purchase, and, perhaps, damages, for not performing on their part, but the title of the property would not be changed.   The sale of the quarter to Dickson must be considered executory, and as not conferring any title upon Dickson until the payment should be completed.   There was nothing existing at that time of which possession could be predicated.   The subject was yet to come into existence, and any contract concerning it must, of necessity, be executory, and not executed.

The question, of course, is, who should lose by the insolvency of Bidwell, Banta & Co.; and it must clearly be Dickson, for they had his money in their hands at the failure. The defendant got the whole interest which he bargained for, and he must, therefore, pay the balance of the price which he agreed to give.

The judgment of the Supreme Court must be affirmed.

All concurring,

Judgment affirmed.